```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF GEORGIA
                          COLUMBUS DIVISION

HUDSON SPECIALTY INSURANCE      *
COMPANY,
                                *
     Plaintiff,
                                *
vs.                                      CASE NO. 4:11-CV-153 (CDL)
                                *
COLUMBUS REGIONAL HEALTHCARE
SYSTEM, INC. and THE MEDICAL    *
CENTER, INC.,
                                *
     Defendants.
                                *
```

O R D E R

This action involves an insurance dispute between Plaintiff Hudson Specialty Insurance Company ("Hudson") and Defendants Columbus Regional Healthcare System, Inc. and The Medical Center, Inc. (collectively, "Columbus Regional"). Columbus Regional was subjected to a claim by a patient of one of its employee physicians alleging that Columbus Regional and its Medical Director were negligent in approving credentials for the patient's physician. Hudson seeks a declaration that the claim was not covered by the policy at issue, that Columbus Regional failed to give proper notice, and that Hudson has already paid the maximum amount for which it is liable for the claim under a different policy. Columbus Regional seeks a declaration that it was the insured under a certain policy issued by Hudson, that Columbus Regional gave timely notice of a claim under that

policy, and that the claim was covered by the policy. Presently pending before the Court are the parties' cross motions for summary judgment (ECF Nos. 29 & 30). For the reasons set forth below, the Court concludes that the claim against Columbus Regional was not covered by the relevant policy. Therefore, Hudson's summary judgment motion (ECF No. 29) is granted, and Columbus Regional's summary judgment motion (ECF No. 30) is denied.

## SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

FACTUAL BACKGROUND

**I.   The Physician Policies**

Hudson issued Physician, Medical Corporation, Medical Partnership Professional Liability Insurance Policy No. HCP4002089 to "Columbus Regional Healthcare System Employed Physicians" for the period July 1, 2006 to July 1, 2007. Compl. Ex. A, Physician, Medical Corporation, Medical Partnership Professional Liability Insurance Policy No. HCP4002089 for 7/1/2006 to 7/1/2007, ECF No. 1-1 at 3 ("2006 Physician Policy"). The policy was renewed for the period July 1, 2007 to July 1, 2008. Am. Countercl. Ex. H, Physician, Medical Corporation, Medical Partnership Professional Liability Insurance Policy No. HCP4003081 for 7/1/2007 to 7/1/2008, ECF No. 25-1 at 2 ("2007 Physician Policy"). The policy was renewed again for the period July 1, 2008 to July 1, 2009. Am. Countercl. Ex. I, Physician, Medical Corporation, Medical Partnership Professional Liability Insurance Policy No. HCP4004176 for 7/1/2008 to 7/1/2009, ECF No. 25-2 at 2 ("2008 Physician Policy"). The Court will refer to the 2006 Physician Policy, 2007 Physician Policy, and 2008 Physician Policy collectively as the "Physician Policies."

   A.   Who Is An Insured

With regard to who is an insured, the Physician Policies provide, in pertinent part:

3

> Under this section, the following are included as insureds and covered separately. However, the limit of insurance shown on the Declarations for this section of the policy is shared by all insureds described below:
>
> 1. <u>Named Insured</u>. If you are the Named Insured in the Declarations, you are an insured.
>
> * * *
>
> 3. <u>Medical Entities</u>. If you are an organization designated in the Declarations or on an endorsement, you are an insured; your executive officers, shareholders, directors, trustees and governors are insureds, but only while acting within the course and scope of their duties to you.
>
> * * *
>
> 5. <u>Persons Performing Committee or Board Services</u>. Persons performing services on or for your formal review boards or committees are insureds, but only while performing services required or requested by such boards or committees. Those who carry out the orders of such committees or boards are insureds while in the course of executing the orders. Those who provide information to such boards or committees to help them evaluate applicants for staff membership or privileges, or to conduct corrective or disciplinary action are also insureds but only with respect to the providing of such information or conducting of such actions.

2006 Physician Policy § I(F), ECF No. 1-1 at 8-9; *accord* 2007 Physician Policy § I(F), ECF No. 25-1 at 26-27; 2008 Physician Policy § I(F), ECF No. 25-2 at 22-23.

The named insured in the Declarations is "Columbus Regional Healthcare System Employed Physicians." 2006 Physician Policy, ECF No. 1-1 at 3; 2007 Physician Policy, ECF No. 25-1 at 2; 2008

Physician Policy, ECF No. 25-2 at 2. Columbus Regional is not a named insured in the Declarations. Columbus Regional is named as an "additional insured" in an endorsement as follows: "Columbus Regional Health System, Inc. and The Medical Center, Inc. [are included as additional insureds,] but only if they are held legally responsible for the acts of any insured physician(s) . . . under this policy with respect to **claims** arising out of the insured physician(s) . . . providing or failing to provide **professional services**." 2006 Physician Policy, ECF No. 1-1 at 42; *accord* 2007 Physician Policy, ECF No. 25-1 at 15; 2008 Physician Policy, ECF No. 25-2 at 14. This endorsement limits their status as an additional named insured to claims arising from *professional services* provided by Columbus Regional's insured physicians. Columbus Regional is not an additional *named* insured for claims arising from professional committee activities.

B.   What Is Covered

With regard to what claims are covered, the Physician Policies provide in pertinent part:

> [Hudson] will pay those sums which an insured becomes legally obligated to pay as **damages**, including **damages** assumed under contract, because of bodily injury that results from the providing or failure to provide **professional services**:
>
>     1.   By an insured; or
>
>     2.   By **employees** or agents for whose acts you are legally responsible.

5

>    [Hudson] also will pay damages, which an insured becomes legally obligated to pay arising from **professional committee activities** of a physician insured under this policy. However, insurance under this policy for **professional committee activities** is to be considered excess insurance over any other insurance providing coverage for **professional committee activities**.

2006 Physician Policy § I(A), ECF No. 1-1 at 7; *accord* 2007 Physician Policy § I(A), ECF No. 25-1 at 24; 2008 Physician Policy § I(A), ECF No. 25-2 at 21.  The words "you" and "your" refer "to the Named Insured shown in the Declarations."  2006 Physician Policy, ECF No. 1-1 at 5; *accord* 2007 Physician Policy, ECF No. 25-1 at 22; 2008 Physician Policy, ECF No. 25-2 at 19.

The term "professional services" means "the diagnosis of, treatment or medical care for, or medical consultation regarding, a patient's medical condition."  2006 Physician Policy, ECF No. 1-1 at 29; *accord* 2007 Physician Policy, ECF No. 25-1 at 57; 2008 Physician Policy, ECF No. 25-2 at 43.  The term "professional committee activities" means "performance of any of the following by you or an insured acting on your behalf: (a) Peer review or quality assurance; or (b) Utilization review on behalf of your patients or on behalf of a state or county medical society."  2006 Physician Policy, ECF No. 1-1 at 29; *accord* 2007 Physician Policy, ECF No. 25-1 at 57; 2008 Physician Policy, ECF No. 25-2 at 43.

6

## II. The Underlying Claim

On July 13, 2006, Benjamin Blackwell was allegedly injured as a result of treatment he received from Dr. Gerald Ross, a physician at The Medical Center. Blackwell brought a medical malpractice action against Dr. Ross. In that action, Blackwell also asserted that Dr. Ross was improperly credentialed by Columbus Regional, and he brought a claim against Columbus Regional for negligent credentialing, negligent hiring, and/or negligent retention.

Dr. Ross was credentialed according to the credentialing process established by The Medical Center. Defs.' Br. in Supp. of Mot. for Partial Summ. J. Attach. 2, Layfield Decl. ¶¶ 4, 9, ECF No. 33-2. The Medical Center "established a Credentials Committee to assist The Medical Center in performing the functions of the credentialing process." *Id.* ¶ 6. Dr. Andrew Morley, who is an additional named insured under the Physician Policies but who was not sued in the underlying action, "was employed by The Medical Center as its Chief Medical Officer[, and he] served as a member of the Credentials Committee." *Id.* "The Medical Center's Medical Staff Executive Committee and Board of Directors are responsible for approving and carrying out the recommendations of Dr. Morley and the Credentials Committee regarding the credentialing of a physician." *Id.* ¶ 8. "The Medical Center's Board of Directors makes the final

7

decision as to whether a physician should be credentialed." *Id.* "The Medical Center's Chief Executive Officer and Board of Directors are responsible for taking disciplinary or corrective action with regard to a physician who has been previously credentialed." *Id.*

## DISCUSSION

To decide the present motions, the Court must construe the insurance contract using ordinary rules of contract construction. *State Farm Fire & Cas. Co. v. Bauman*, 313 Ga. App. 771, 773, 723 S.E.2d 1, 3 (2012). "[U]nambiguous terms of an insurance policy require no construction, and the plain meaning of such terms must be given full effect, regardless of whether they might be beneficial to the insurer or detrimental to the insured." *Am. Nat'l Prop. & Cas. Co. v. Amerieast, Inc.*, 297 Ga. App. 443, 446, 677 S.E.2d 663, 666 (2009). A word or phrase is ambiguous only if it "may be fairly understood in more ways than one" and thus "involves a choice between two or more constructions of the contract." *Bauman*, 313 Ga. App. at 774, 723 S.E.2d at 3.

It is clear that Columbus Regional is not listed as a named insured in the Physician Policies except to the extent that it is legally responsible for *professional services* provided by one of its physicians who is insured under the Physician Policies. This coverage does not extend to professional committee

activities.  Recognizing that it is not a *named* insured for a credentialing claim, Columbus Regional attempts to find coverage under the "Persons Performing Committee or Board Services" section of the Physician Policies (§ I(F)(5)).[1]  That provision of the Policy states that Hudson "will pay damages, which an insured becomes legally obligated to pay arising from **professional committee activities** of a physician insured under this policy."  2006 Physician Policy § I(A), ECF No. 1-1 at 7; *accord* 2007 Physician Policy § I(A), ECF No. 25-1 at 24; 2008 Physician Policy § I(A), ECF No. 25-2 at 21.  Columbus Regional contends that it is an insured under the Physician Policies as a "person performing committee or board services."  The Physician Policies limit such coverage: "Persons performing services on or for your formal review boards or committees are insureds, but only while performing services required or requested by such boards or committees."  2006 Physician Policy § I(F)(5), ECF No. 1-1 at 9; *accord* 2007 Physician Policy § I(F)(5), ECF No. 25-1 at 27; 2008 Physician Policy § I(F)(5), ECF No. 25-2 at 23.

  Columbus Regional argues that because Dr. Morley is a named insured under the Physician Policies and because the words "you" and "your" mean "the Named Insured shown in the Declarations," the phrase "your formal review boards or committees" means "the

---

[1] Columbus Regional does not argue that it is covered as a "Named Insured" (§ I(F)(1)) or a "Medical Entity" (§ I(F)(3)).

9

formal review boards or committees on which Dr. Morley serves." Defs.' Br. in Supp of Mot. for Partial Summ. J. 28, ECF No. 33. Therefore, Columbus Regional argues, persons who perform services for the formal review boards or committees are insureds under the Physician Policies. Columbus Regional further argues that it is an insured under this provision because, through various employees and its board of directors, Columbus Regional performed services for the formal review boards and committees related to the credentialing of Dr. Ross. *Id.* at 29-30.

First, Columbus Regional cannot seriously dispute that the formal review boards and committees referenced in the Physician Policies are not "*Dr. Morley's* formal review boards or committees." Columbus Regional's own evidence demonstrates that "The Medical Center . . . established [the] Credentials Committee." Layfield Decl. ¶ 6. There is simply no evidence in the present record to suggest that the Credentials Committee or the Medical Staff Executive Committee were personal committees of Dr. Morley. Rather, the only evidence in the record is that the committees referenced in § I(F)(5) are *The Medical Center's* committees. *See* Layfield Decl. ¶¶ 4-8 (discussing The Medical Center's credentialing process). The Court may not strain to extend coverage where none was contracted. *Bauman*, 313 Ga. App. at 773, 723 S.E.2d at 3. The only reasonable inference is that

10

the phrase "your formal review boards or committees" means The Medical Center's formal review boards or committees.

The next question is whether under § I(F)(5) The Medical Center can be considered a person performing services on or for its own formal review boards or committees. Pretermitting whether "person" contemplates an entity such as the Medical Center, the Court finds that the parties did not intend for § I(F)(5) to cover Columbus Regional for claims related to professional committee activities in light of the Physician Policies' specific limitation of coverage for Columbus Regional as an insured to claims related to professional services, which does not include review board or committee work. *See, e.g., Dowse v. S. Guar. Ins. Co.*, 263 Ga. App. 435, 437, 588 S.E.2d 234, 235-36 (2003) (noting that to determine the intent of the parties to a contract, the whole contract must be taken together and contract terms must not be "read in isolation and out of context"). Thus, though Columbus Regional employees who serve on the formal review boards or committees may be considered insureds under § I(F)(5), Columbus Regional is not. Hudson is therefore entitled to summary judgment because the Physician Policies do not provide coverage for the underlying negligent credentialing claim. The Court need not reach the alternative bases for Hudson's summary judgment motion.

11

CONCLUSION

As discussed above, the Court finds that the underlying negligent credentialing claim against Columbus Regional is not covered under the Physician Policies.  Therefore, Hudson's summary judgment motion (ECF No. 29) is granted, and Columbus Regional's summary judgment motion (ECF No. 30) is denied.

IT IS SO ORDERED, this 21st day of December, 2012.

                                              S/Clay D. Land
                                                   CLAY D. LAND
                                    UNITED STATES DISTRICT JUDGE